UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD LAVELL ADAMS, | Case No.: 2:19-cv-01747-JAD-BNW |
| Plaintiff | |
| v. | **Order Screening Complaint and Dismissing and Closing Case** |
| BRIAN KOEHN, et al., | |
| Defendants | [ECF No. 1] |

Plaintiff Ronald Lavell Adams brings this civil-rights action under 42 U.S.C. § 1983, claiming that his civil rights were violated when he was injured while being transported by Nevada Southern Detention Center (NSDC) correctional officers. I grant his motion to proceed *in forma pauperis*[1] and screen his complaint under 28 U.S.C. § 1915A. Unfortunately, Adams has not stated plausible claims and cannot do so on these facts, so I dismiss his action and close this case. Though he styles this action as one under § 1983, that statute only authorizes claims against people acting under color of *state* law, and the NSDC is not a state agency—it is a privately operated federal detention facility. Even if I liberally construe Adams's claims under the federal analog of § 1983, known as a "*Bivens* claim," his claims fail because they are, at best, traditional state-law negligence claims, which are not redressable under *Bivens* and fall outside this court's limited jurisdiction.

---

[1] ECF No. 1.

**Motion to Proceed *In Forma Pauperis***

Adams has submitted an application to proceed *in forma pauperis*.[2] Based on the financial information provided, I find that he is unable to prepay the full filing fee in this matter, so I grant the application.

**Background**

**A.    Plaintiff's factual allegations**[3]

On March 8, 2019, Adams was in the custody of the NSDC.[4] He was being transported by van by two corrections officers from NSDC whose names he does not know, so he sues them as John and Jane Doe.[5] Adams alleges that Defendant John Doe was driving recklessly at a high speed and at an unsafe traveling distance.[6] This caused John Doe to "viciously apply the brakes" to avoid collision with the vehicle in front of the transportation van. As a result, Adams and other detainees were forcefully removed from seats in belly chains and shackles and collapsed on one another, "causing injury."[7]

Defendant Jane Doe failed to instruct Defendant John Doe "of his reckless behavior and by that not preventing future altercations."[8]

Defendant Brian Koehn failed to ensure that all transportation vehicles have "every necessary safety features seat belts" to prevent injury.[9]

---

[2] *Id.*
[3] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.
[4] ECF No. 1-1 at 1.
[5] *Id.* at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

**B.      Plaintiff's causes of action**

Based on these events, Adams sues the John and Jane Doe corrections officers and NSDC Warden Brian Koehn.[10]  Adams alleges one count for violation of the Eighth Amendment, concluding that there was "cruel and unusual punishment inflicted negligence deliberate indifference.[11]  He seeks damages.[12]

Adams has used a complaint form for violations of 42 U.S.C. § 1983.  However, to state a claim for violation of 42 U.S.C. § 1983, a plaintiff must allege facts sufficient to show that the alleged violation was committed by a person acting under color of *state* law.[13]  The Nevada Southern Detention Center is not a state prison, and its employees are not acting under color of state law.  NSDC is a detention facility that is privately owned by CoreCivic and houses federal inmates and detainees.[14]  Because § 1983 cannot apply to Adams's allegations, I liberally construe his complaint as a *Bivens* action and not as a § 1983 action.

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

[14] I take judicial notice of these facts as they are generally known and are well known to me based on my experience with cases involving the Nevada Southern Detention Center.  Federal Rule of Evidence 201 permits the court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute"  because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2); *accord U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994).

**Discussion**

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[15] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[16] In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted."[17]

Under the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,[18] a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.[19] "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."[20] To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor.[21]

---

[15] *See* 28 U.S.C. § 1915A(a).
[16] *See* 28 U.S.C. § 1915A(b)(1), (2).
[17] 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).
[18] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[19] *Id.* at 389.
[20] *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).
[21] *See id.*

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[22]  In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff.[23]  A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."[24]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[25]  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[26]  The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient.[27]

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[28] all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not

---

[22] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[23] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[25] *Id.*

[26] *Id.*

[27] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[28] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[29] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[30]

**B.      Analysis of claims**

Although Adams currently is serving a sentence at the Federal Correctional Institution in Phoenix, he appears to be alleging that he was a pretrial detainee at the time of the alleged constitutional violation. A pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment Cruel and Unusual Punishment Clause.[31]

Regardless of whether Adams is alleging a claim under the Eighth Amendment or the Fourteenth Amendment, however, he cannot state a colorable *Bivens* claim. In *Minneci v. Pollard*,[32] the Supreme Court held that a *Bivens* claim may not be brought against employees working at a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law. The kind of conduct that Adams alleges here is unsafe driving, which is the classic type of conduct that falls within the scope of traditional state tort law. The *Bivens* action therefore is dismissed with prejudice, as amendment would be futile.

And though I could liberally construe Adams's claims as state tort-law claims, I decline to do so because that would not help him keep this case alive. District courts do not generally

---

[29] *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[30] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[31] *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971).

[32] *Minneci v. Pollard*, 565 U.S. 118, 131 (2012).

have original jurisdiction over state-law claims involving only residents of Nevada, but they may exercise supplemental jurisdiction over a plaintiff's state-law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[33]  However, the court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction."[34]  I have dismissed the *Bivens* claims over which I have original jurisdiction, and I would not exercise supplemental jurisdiction over any state tort claims.

## Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1-1] is GRANTED**.  This merely means that the plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended.  This full filing fee remains due and owing even though this case is being dismissed.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Phoenix Federal Correctional Institution must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Ronald Lavell Adams's account** in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.  **The Clerk of the Court is directed to SEND a copy of this order** to the Finance Division of the Clerk's Office and to the attention of Warden William W. Lothrop, Phoenix Federal Correctional Institution, 37900 North 45th Ave, Phoenix, AZ 85086.

---

[33] 28 U.S.C. § 1367(a).

[34] 28 U.S.C. § 1367(a).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE the complaint (ECF No. 1-1)** and that **this action is dismissed with prejudice**, as amendment would be futile.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

Dated: August 4, 2020

_____
U.S. District Judge